IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
SEP 2 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

EVONE CLIFFORD  :
1414 VIOLA PARKWAY, NW
CANTON, OHIO 44708  :

      CASE NO. 5:22 CV 1562

    PLAINTIFF,  :  COMPLAINT

      :  JUDGE  JUDGE ADAMS

v.

      :  MAGISTRATE JUDGE MAG JUDGE KNAPP

DEPARTMENT OF YOUTH SERVICES :  JURY DEMAND ENDORSED HEREON
INDIAN RIVER JUVENILE
 CORRECTION FACILITY  :

-AND-  :

OHIO CIVIL SERVICE EMPLOYEES  :
 ASSOCIATION
 AFSCME LOCAL-11  :

    DEFENDANTS.  :

## PARTIES

Plaintiff, Evone Clifford, complaining of Defendants Department of Youth Services, Indian River Correction Facility and Ohio Civil Service Employees Association AFSCME Local-11, alleges as follows:

    1.    Plaintiff is an individual citizen of the State of Ohio, residing at 1414 Viola Parkway, NW, Canton, Ohio 44708, Stark County.  Plaintiff was employed beginning in 1995.  At all relevant times herein, Plaintiff's job title was Juvenile Corrections Officer. The Plaintiff is sixty-seven (67) years old with a date of birth of March 18, 1955.

    2.    Defendant Department of Youth Services, Indian River Correction Facility (hereinafter "DYS") is an agency of the State of Ohio with a facility located at 2755 Indian River Road Southwest, Massillion, Ohio, Stark County.

    3.    Defendant Ohio Civil Service Employees Association AFSCME Local-11 (hereinafter OCSEA), is a public union with a location at 380 Worthington Road, Columbus, Ohio, Franklin County.

## JURISDICTION AND VENUE

4. Jurisdiction is based upon 28 USC § 1331 because the action arises under the laws of the United States, upon 42 USC § 2000e *et seq.* providing for relief from discrimination in employment on the basis of race and sex and upon 29 USC Section 621 *et seq.* providing for relief from discrimination in employment on the basis of age.

5. Venue lies in the Northern District of Ohio pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1391 based upon the illegal acts of Defendant which occurred in the County of Stark, State of Ohio and upon 29 USC § 1132(e)(2).

6. Plaintiff has complied with administrative prerequisites by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. On June 9, 2022, the EEOC issued Notices of Right to Sue to the Plaintiff, attached hereto as **Exhibit A**.

## FIRST CLAIM FOR RELIEF:
## RACE DISCRIMINATION - TITLE VII, 42 U.S.C. § 2000e *et. seq.*

8. The allegations of the prior paragraphs are incorporated as if fully set forth below.

9. The Plaintiff has been subjected to disparate treatment. Among other actions, Plaintiff was denied terms, conditions and privileges of employment, including but not limited to having her senior status ignored, disciplined and ultimately terminated. Similarly situated white employees received the benefits of seniority and/or were not disciplined and/or terminated under similar circumstances.

10. The Plaintiff's disparate treatment was unlawfully based upon her race.

11. Defendants have offered reasons for Plaintiff's disparate treatment that are merely a pretext to discriminate against Plaintiff on the basis of her race in violation of 42 USC § 2000e, *et seq.*

12. Defendants' discrimination against Plaintiff was intentional, deliberate or reckless and without regard for her legal rights.

13. Defendants' discrimination against Plaintiff was willful, malicious, spiteful and with ill will and with a reckless disregard for her legal rights.

14. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity

to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendants' unlawful discrimination, including costs, expert's fees and attorney's fees.

## SECOND CLAIM FOR RELIEF:
## SEX DISCRIMINATION - TITLE VII, 42 U.S.C. § 2000e et. seq.

15. The allegations of the prior paragraphs are incorporated as if fully set forth below.

16. The Plaintiff has been subjected to disparate treatment. Among other actions, Plaintiff was denied terms, conditions and privileges of employment, including but not limited, to having her senior status ignored, disciplined and ultimately terminated. Similarly situated male employees received the benefits of seniority and/or were not disciplined and/or terminated under similar circumstances.

17. The Plaintiff's disparate treatment was unlawfully based upon her sex.

18. Defendants have offered reasons for Plaintiff's disparate treatment that are merely a pretext to discriminate against Plaintiff on the basis of her sex in violation of 42 USC § 2000e, et seq.

19. Defendants' discrimination against Plaintiff was intentional, deliberate or reckless and without regard for her legal rights.

20. Defendants' discrimination against Plaintiff was willful, malicious, spiteful and with ill will and with a reckless disregard for her legal rights.

21. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendants' unlawful discrimination, including costs, expert's fees and attorney's fees.

## THIRD CLAIM FOR RELIEF: AGE DISCRIMINATION
## 29 U.S.C. SECTION 621 et. seq.

22. The allegations of the prior paragraphs are incorporated as if fully set forth below.

23. The Plaintiff has been subjected to disparate treatment. Among other actions, Plaintiff was denied terms, conditions and privileges of employment, including but not limited, to having her senior status ignored, disciplined and ultimately terminated. Similarly situated younger employees received the benefits of seniority and/or were not disciplined and/or terminated under similar circumstances.

24. The Plaintiff's disparate treatment was unlawfully based upon her age.

25. Defendants have offered reasons for Plaintiff's disparate treatment that are merely a pretext to discriminate against Plaintiff on the basis of her age in violation of 29 USC Section 621 *et seq.*

26. Defendants' discrimination against Plaintiff was intentional, deliberate or reckless and without regard for her legal rights.

27. Defendants' discrimination against Plaintiff was willful, malicious, spiteful and with ill will and with a reckless disregard for her legal rights.

28. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendants' unlawful discrimination, including costs, expert's fees and attorney's fees.

## FOURTH CLAIM FOR RELIEF: RETALIATION (RACE, SEX AND AGE) TITLE VII, 42
## U.S.C. §2000e *et. seq.* & 29 U.S.C. SECTION 621 et. seq.

29. The allegations of the prior paragraphs are incorporated as if fully set forth below.

30. Plaintiff complained of discrimination on the basis of her race, sex and age to Defendants.

31. Plaintiff's complaints were a protected activity under Title VII, 42 U.S.C. §2000e *et. seq.* and 29 U.S.C. §621 et. seq.

4

32. Defendants took retaliatory action against Plaintiff for notifying management of the conduct and statements.

33. Defendants unlawfully retaliated against Plaintiff in violation of Title VII, 42 U.S.C. §2000e *et. seq.* and 29 U.S.C. §621 *et. seq.* because she complained of the conduct and statements.

34. Defendants' reason(s) for the retaliation were a pretext for unlawful retaliation in violation of Title VII, 42 U.S.C. §2000e *et. seq.* and 29 U.S.C. §621 *et. seq.*

35. Defendants' discrimination against Plaintiff was intentional, deliberate or reckless and without regard for her legal rights.

36. Defendants' discrimination against Plaintiff was willful, malicious, spiteful and with ill will and with a reckless disregard for her legal rights.

37. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendants' unlawful discrimination, including costs, expert's fees and attorney's fees.

**WHEREFORE**, Plaintiff prays as to Defendants, as follows:

(a) That this Court award such equitable relief as is proper as compensation for the loss of opportunity to engage in gainful employment, including relief in the form of front pay;

(b) That this Court award Plaintiff an amount to be determined as compensation for adverse health effects, for the loss of her opportunity to engage in gainful employment, and future earnings and for humiliation, embarrassment, loss of reputation, and loss of self-esteem;

(c) That this Court award Plaintiff all lost wages and benefits;

(d) That this Court award Plaintiff punitive damages;

(e) That this Court award Plaintiff reasonable attorney's fees, expert's and the costs of this action;

(f) That this Court award Plaintiff prejudgment and post judgment interest, fees and penalties and

(g) That this Court grant Plaintiff such other and further relief as may be just and equitable.

Respectfully Submitted,

_____
Evone Clifford
1414 Viola Parkway, NW
Canton, Ohio 44708
Pro Se

Plaintiff demands trial by jury.

*Evone Clifford*
Evone Clifford
Pro Se

6